LAWSON, J.,
concurring in result.
I agree with Judge Orfinger that our court’s panel decision in J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), requires a reversal in this case. Under J.D., a trial court can only impose one contempt sanction for any and all violations of a single court order that occur prior to imposition of the first sanction. In this case, M.P. was accused of violating her probation order in four ways based upon distinct conduct on the following dates: April 24, May 7-11, June 1-2, and June 1 and 4. The first of the two contempt hearings held to address these violations occurred on June 11. Under J.D., the trial judge was limited to a single five-day contempt sanction for all of the alleged violations that occurred before this hearing. If M.P. had violated the terms of her probation again, after the five-day sanction was imposed on June 11, our precedent in J.D. would have then allowed the imposition of a second sanction, not to exceed fifteen days.
However, I also agree with the First District’s analysis in K.Q.S. v. State, 975 So.2d 536 (Fla. 1st DCA 2008), and with Judge Sawaya’s conclusion that the result dictated by J.D. is inconsistent with a plain reading of section 985.037, Florida Statutes. Therefore, if not bound by our panel decision in J.D., I would affirm for the reasons expressed in K.Q.S., and by Judge Sawaya.